RAMIS ET AL., PLAINTIFFS AND APPELLANTS, *v.* PRATS ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action
for Nullity of Acts and Contracts.

### No. 2954.—Decided March 14, 1924.

NULLITY OF ACTS AND CONTRACTS—DEFECT OF PARTIES—DEMURRER.—The trial
court did not err in sustaining a demurrer on the ground of lack of neces-
sary parties where the plaintiff alleged that different acts and contracts were
null and void and prayed the court so to adjudge, but did not join as de-
fendants the persons who executed the said acts and contracts.

ID.—PLEADING—JOINDER OF CAUSES OF ACTION.—By joinder of causes of action
is meant the assertion of two or more claims or rights of action in one action
or the statement of more than one cause of action in one complaint. The
manner in which the causes of action so joined should be stated is different
and is a matter of pleading.

The facts are stated in the opinion.

*Mr. F. González* for the appellants.

*Messrs. M. Tous Soto* and *R. Arce* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The plaintiffs in this case are Francisco Ramis, María L.
Borrás and Monserrate Borrás and the defendants are Cata-
lina Prats and her unknown (*sic*) heirs Antero, Natalio, An-
drea and Concepción Llompart and Juana Borrás. The
action is styled for void acts and contracts and the subject
matter is a house situated in Caguas.

In the complaint the following is alleged in substance:
That in 1892 under the authority of the Municipality of Ca-
guas Pascual Borrás constructed a masonry house on a lot
belonging to the municipality for the reason that the said
Borrás had there another house in a ruinous condition and
it was demolished; that Borrás continued as the owner of
the house until he sold it to Benjamín Forteza in 1910, a
part of the purchase price to remain unpaid until the cancel-
lation of certain liens recorded in the registry on the house
in question. Forteza sold the property to Isolina Díaz under
the same conditions. And it is maintained that this action is

brought for fulfilling the promise made by Borrás when he sold to Forteza and by Forteza when he sold to Isolina Díaz. The plaintiffs say that they are the heirs of Pascual Borrás who died in 1910.

It is further alleged in the complaint that in the Registry of Property of Caguas the following records appear in connection with the said house.

(*a*) First record in the name of Bartolomé Palou y Bosch by purchase from Gabriel Amalbert y López.

(*b*) Second record in the name of Jaime Llompart y Prats by purchase from Bartolomé Palou y Bosch.

(*c*) Third record of possession by virtue of possessory title proceedings in the name of the said Jaime Llompart y Prats.

(*d*) Fourth record in the name of Juana Borrás Ginart by purchase from Jaime Llompart y Prats.

(6) Sixth record of a mortgage created by Juana Borrás Ginart in favor of Jaime Llompart y Prats to secure a loan of $2,000 with interest and costs.

And it is contended that the record in the name of Palou is null and void because Pascual Borrás and not Palou purchased from Amalbert, the sale to Palou being simulated; that the record in the name of Llompart is also void because as Palou had nothing he could convey nothing to him; that the record of the possessory title is void also, because when the proceedings were brought in 1901 the house had been demolished and Borrás was building another in its place; that the record in the name of Juana Borrás is null and void because it is based on a simulated contract without a consideration, and that the record of the mortgage created by Juana Borrás in favor of Jaime Llompart is void also.

It is alleged finally in the complaint that Palou and Llompart, who appear in the registry as successive owners of the house, the latter also as the mortgagee, were neighbors and intimate friends of Pascual Borrás; that Juana Borrás was

his niece, and that at the instance and for the benefit of Pascual Borrás all of them carried into effect the said simulations. The prayer of the complaint is that in view of all the said allegations judgment be rendered declaring null and void the purchases by Palou from Amalbert, by Llompart from Palou and by Juana Borrás from Llompart, the possessory title proceedings brought by Llompart, the mortgage created by Juana Borrás in favor of Llompart and the record of these void contracts, ordering their cancellation, with the costs against the adverse defendants.

Defendants Antero, Natalio, Andrea and Concepción Llompart demurred on the following grounds: First, nonjoinder of parties plaintiff; second, misjoinder of parties defendant; third, nonjoinder of parties defendant; fourth, misjoinder of causes of action; fifth, that the complaint did not state facts sufficient to constitute a cause of action, and sixth, that in accordance with the allegations of the complaint the action for the nullity of the mortgage loan made by Llompart to Juana Borrás was barred by operation of sections 1267 and 1268 of the Civil Code.

After hearing the parties the court ruled as follows:

"Considering the demurrer to the complaint, the court is of the opinion that Bartolomé Palou y Bosch, Gabriel Amalbert López, Benjamín Forteza Segura and Isolina Díaz Rodríguez should be joined as parties defendant and that the different causes of action pleaded should be stated separately, and the plaintiffs are allowed ten days within which to file an amended complaint."

The plaintiffs refused to amend their complaint and moved for judgment. Judgment was rendered and they took the present appeal, assigning in their brief that the court erred (1) in holding that Palou, Amalbert, Forteza and Isolina Díaz were necessary parties, and (2) in holding that various independent causes of action were pleaded in the complaint.

We are of the opinion that the court acted correctly in

holding that Palou and Amalbert at least should be brought in as defendants. Although the plaintiffs contend that their real interest is in having the mortgage created by Juana Borrás adjudged void, the fact is that they allege the nullity of the contract between Palou and Amalbert, the basis of the mortgage, and if its nullity is not adjudged, what right would the plaintiffs have to pray for the nullity of the mortgage?

If the plaintiffs in this suit have any right of action, Palou and Amalbert are the very parties whom they must first confront.

We also think that the district court acted correctly in holding that the causes of action should be pleaded separately. The court did not hold that there was a misjoinder of causes of action, but that they should be stated separately.

"By a joinder of actions, or more properly a joinder of causes of action, is meant the uniting of two or more demands or rights of action in one action; the statement of more than one cause of action in a declaration. * * * The manner in which the causes so joined must be stated is a different matter, and a question of pleading." 1 C. J. 1055, cited in *Ortiz* v. *Texidor, District Judge,* 27 P. R. R. 125, 129.

In arguing this point the appellants urge:

"That the practical purpose of this case is the adjudication of nullity and the consequent cancellation of a mortgage on the house of Isolina Díaz formerly belonging to Pascual Borrás, according to the records of the registry of property. And although it is absolutely true that the said mortgage and the loan secured by it were simulated and void, in order to corroborate the evidence of such simulation we have set forth the series of simulated contracts relating to the said property during the lapse of several years while it appeared to belong to somebody else when in fact its actual title and material possession continued in its real owner, Pascual Borrás."

That is undoubtedly what would suit the appellants, but the facts can not be moulded to the convenience of the parties. Admitting that the mortgage created by Juana Bor-

rás was entirely simulated, what interest could the plaintiffs have in its nullity if the sale by Amalbert to Palou was made?

In their argument and then in writing the appellees prayed this court to rule on the demurrer for lack of cause of action pleaded in time and form and not ruled on by the district court, citing 2 Hayne on New Trial and Appeal, 1565. This argument is persuasive, but inasmuch as the judgment appealed from should be sustained on its fundamental ground, we think it unnecessary to go farther, especially without having heard the adverse party.

The judgment appealed from must be

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf took no part in the decision of this case.